OPINION
{¶ 1} Plaintiff-appellant Robert L. Lake [hereinafter appellant] appeals from the April 23, 2003, Judgment Entry of the Licking County Court of Common Pleas, Domestic Relations Division, which denied appellant's Motion to Modify a Qualified Domestic Relations Order. Defendant-appellee is Karen V. Lake [hereinafter appellee].
 STATEMENT OF THE FACTS AND CASE {¶ 2} By agreed Judgment Entry filed November 23, 1999, the trial court granted a Judgment of Divorce to both parties.[1] The agreed Judgment Entry granted appellee 56% of the marital portion of appellant's pension, or $150.00 per month, whichever was greater. The trial court ordered that a Qualified Domestic Relations Order (QDRO) be drafted and accepted by both the pension plan and the trial court.
 {¶ 3} On June 25, 2001, a QDRO was filed. It conformed to the agreed Judgment Entry and ordered that appellee receive an amount equal to 56% of the marital portion of appellant's benefit under the retirement plan or $150.00, whichever was greater. Pursuant to that QDRO, appellant asserts that the pension fund administrator calculated that appellee's portion of appellant's pension was calculated to be $745.00 per month.
 {¶ 4} On September 21, 2001, appellant filed a Motion for Relief from Judgment, per Civ. R. 60(B)(1) and (5). On November 8, 2001, the trial court denied that motion.
 {¶ 5} On December 30, 2001, appellant filed a Motion to Modify the QDRO. By Judgment Entry filed April 23, 2000, the trial court denied appellant's motion.
 {¶ 6} It is from the April 23, 2003, Judgment Entry that appellant appeals, raising the following assignment of error:
 {¶ 7} "I. The trial court erred and/or abused its discretion in denying appellant's motion filed December 30, 2001."
 {¶ 8} In the sole assignment of error, appellant contends that the trial court erred and/or abused its discretion when it denied appellant's motion to modify a previously filed QDRO. We disagree.
 {¶ 9} In the motion to modify the QDRO, appellant sought to reduce appellee's share of appellant's pension to no more than $150.00 — $155.00 per month. Appellant contended that it was his understanding that appellant would receive 50% of the coverture portion of appellant's retirement account and not 56% as stated in the QDRO. Appellant further argued that even if the 56% figure were correct, there was a miscalculation of the number of months of participation which constituted marital property. Appellant contended that using a correct calculation, the amount payable to appellee was $333.20, not $745.00.
 {¶ 10} We find that appellant's are assertions meritless. A QDRO must be in conformance with the decree of divorce. See McKinney v.McKinney (2001), 142 Ohio App.3d 604, 608, 756 N.E.2d 694. The QDRO is consistent with the Divorce Decree when it orders that appellee receive 56% of the marital portion of appellant's benefit under the retirement plan or $150.00 per month, whichever is greater. We see no error by the trial court and therefore no justification to modify the QDRO.[2]
 {¶ 11} Essentially, appellant is seeking a modification of the property settlement ordered in the agreed Judgment Entry. Appellant argues that the trial court retained jurisdiction over the QDRO. However, a trial court cannot retain jurisdiction to modify the division of property awards. Wolfe v. Wolfe (1976), 46 Ohio St.2d 399, 350 N.E.2d 413.
 {¶ 12} We note, as did the trial court, that the issues presented in the motion to modify are essentially those issues raised in a Civ. R. 60(B) motion. That motion was likewise denied. In denying that motion, the trial court noted that appellant did not appeal the Agreed Judgment Entry Decree of Divorce which clearly stated that appellee was to receive 56% of the marital portion of the pension benefit.
 {¶ 13} In conclusion, we find neither error nor abuse of discretion by the trial court. Accordingly, appellant's sole assignment of error is overruled.
 {¶ 14} The judgment of the Licking County Court of Common Pleas, Domestic Relations Division, is affirmed.
Edwards, J., Gwin, P.J. and Farmer, J. concur.
[1] On February 22, 2001, a Nunc Pro Tunc Entry was filed which corrected a typographical error.
[2] While it appears there may be some merit to appellant's contention that the pension fund administrator miscalculated appellee's portion of appellant's pension benefit, that issue must be addressed with the fund's plan administrator. Further, this Court is unable to determine whether appellant's contention is correct or not since appellant failed to produce documentation that substantiates his claim.